# ¡Staunton.

## CHILDRESS v. JORDAN, TRUSTEE.

### September 12, 1907.

### Absent, Buchanan, J.

1. PRINCIPAL AND SURETY—*Insolvency of Principal—Set-Off by Surety.*—
The surety of an insolvent principal, who subsequently becomes in-
debted to such principal, may, in equity, set off his liability as
surety against his indebtedness as against a third person whose
rights have subsequently accrued. Courts of equity always recog-
nize the influence of insolvency on the rights of parties touching the
matter of set-offs, and, in adjusting transactions between them, will
regard the equities of the solvent party, and so accommodate their
affairs as to minimize, as far as consistent with the rights of third
persons, loss from that cause.

Error to a judgment of the Circuit Court of Montgomery
county in an action of detinue. Judgment for the plaintiff.
Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Archer A. Phlegar,* for the plaintiff in error.

*Longley & Jordan,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The narrow question presented by this record for decision
involves the correctness of the ruling of the circuit court in sus-

taining the application by Cowan of a certain payment in discharge of what we shall term the Carper debt. The essential facts are as follows:

Wilson and Cowan were partners as liverymen, and the former purchased the latter's interest in the business for $800, giving his note therefor with a deed of trust on the property as security, and also assuming payment (among other partnership liabilities) of the Carper debt, which amounted to $315. In February, 1906, Cowan purchased of Wilson horses and mules included in the deed of trust, at the aggregate price of $870, a sum sufficient to have satisfied the secured debt if all of it had been applied to its payment. Wilson, who was admittedly insolvent, failed to pay the Carper debt, and the firm note was protested and subsequently paid by Cowan, June 22, 1906. In April, 1906, the plaintiff in error, Childress, bought from Wilson the trust property described in the declaration, and having refused to pay the defendant in error, Jordan, trustee, the purchase money, the latter brought suit to recover the property, or its alternate value.

Though the action was in detinue, the parties waived a jury and submitted their rights to the court to be determined, as if the proceeding had been a suit in equity. Thereupon the court sanctioned the dedication by Cowan of a sufficient amount of the money due on his indebtedness to Wilson to discharge the Carper debt, leaving a balance due from Wilson to Cowan of $403.59. The court also fixed the value of the property bought by Childress at $350, and rendered judgment in behalf of the plaintiff against him for that sum, to which judgment Childress brings error.

We are of opinion that, upon the foregoing facts, Cowan was entitled, in equity, to protection against the Carper debt out of his indebtedness to Wilson. Courts of equity always recognize the influence of insolvency on the rights of parties touching the matter of set-offs, and in adjusting transactions between them will regard the equities of the solvent party and

so accommodate their affairs as to minimize, as far as consistent with the rights of third persons, loss from that cause.

The principle is illustrated by text-writers and numerous adjudged cases. The decisions of this court on the subject will be found in notes to the case of *Feazle* v. *Dillard,* 5 Leigh (Va. R. Ann.) 21. In the principal case, Feazle was permitted, in equity, to set off the amount of a bond on which he was surety for Dillard, who was insolvent, against his own bond to Dillard in the hands of an assignee, though not due, he having become surety before notice of the assignment.

So, in this case, Cowan's liability to pay the Carper debt having attached before the right of Childress accrued, his superior equity must prevail.

We are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*